IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VAUGHN M. LEMOSS and KAMI R. LEMOSS, | 1:12-CV-1405-BR |
| Plaintiffs, | TEMPORARY RESTRAINING ORDER |
| v. | |
| METLIFE BANK N.A., and QUALITY LOAN SERVICE CORPORATION, | |
| Defendants. | |

RICHARD L. BILLIN
P.O. Box 279
Medford, OR 97501
(541) 776-9900

  Attorney for Plaintiffs

BROWN, Judge.

  This matter came before the Court on August 8, 2012, on Plaintiffs' *ex parte* Motion (#3) for Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65 seeking to halt a foreclosure and sale of their home scheduled for August 14, 2012.

1 - TEMPORARY RESTRAINING ORDER

The Court held a telephone conference on August 10, 2012, at which counsel for Plaintiffs appeared *ex parte*. For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion and temporarily **RESTRAINS** Defendants from proceeding with the August 14, 2012, foreclosure sale of Plaintiffs' property at 820 and 822 N.W. 8th Street, Grants Pass, Oregon.

## BACKGROUND

The following facts are taken from Plaintiff's filings:

Plaintiffs allege they are owners of real property in Grants Pass, Oregon, and the property is encumbered by a mortgage loan consummated on September 9, 2005, which is secured by a Deed of Trust. On the Deed of Trust First Horizon Home Loan Corporation is designated as the lender and Mortgage Electronic Registration System (MERS) is designated as both a nominee of First Horizon and as the beneficiary of the Deed of Trust. Ticor Title Insurance Company is listed as the Trustee.

Plaintiffs allege "it is claimed" that Plaintiffs became delinquent on their mortgage in June 2010. In September 2010 MERS assigned the Deed of Trust to Defendant Metlife Bank N.A., and the assignment was recorded in the Josephine County records. Metlife, in turn, appointed a new Trustee, First American Title Insurance Company. In October 2010 First American issued and recorded a Notice of Default on Plaintiffs' mortgage and moved to

foreclose. The parties agreed to cancel the sale after the issuance of a preliminary injunction by a state-court judge in Josephine County in early 2011.

In December 2011 Metlife appointed a successor Trustee, Defendant Quality Loan Service Corporation of Washington, and recorded that appointment. Quality Loan issued a second Notice of Default in March 2012 scheduled a sale for August 14, 2012.

On August 3, 2012, Plaintiffs filed their Complaint (#1) in this Court in which they assert a single state-law claim against Defendants for wrongful foreclosure for failure to record transfers of Deed of Trust in violation of the Oregon Trust Deed Act, Oregon Revised Statute § 86.375. Plaintiffs generally allege there have been unrecorded assignments of the beneficial interest in the Deed of Trust as a part of a securitized pool of mortgages. Plaintiffs also specifically allege there are unrecorded assignments of the deed of trust: "[T]here is no recorded assignment of the loan and deed of trust from First Horizon Home Loan Corporation to First Tennessee Bank National Association, nor is there a recorded assignment to Federal National Mortgage Association MBS Express, the current beneficiary of the loan and deed of trust."

3 - TEMPORARY RESTRAINING ORDER

**STANDARDS**

A party seeking a temporary restraining order or preliminary injunction must demonstrate (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 374 (2008). "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Alliance For The Wild Rockies v. Cottrell*, No. 09-35756, 2011 WL 208360, at *4 (9th Cir. Jan. 25, 2011)(citing *Winter*, 129 S. Ct. at 392). Accordingly, the Ninth Circuit has held "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.*, at *7.

"An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 129 S. Ct. at 376, 381.

4 – TEMPORARY RESTRAINING ORDER

## DISCUSSION

### I. Merits

Plaintiff seeks an order preventing Defendants from proceeding with the proposed foreclosure sale of Plaintiffs' property as scheduled. Plaintiffs allege violations of the Oregon Trust Deed Act and contend the various alleged assignments of the mortgage were unlawful and, accordingly, contend Defendants may not rely on a nonjudicial foreclosure.

On the basis of the July 18, 2012, Oregon Court of Appeals decision in *Niday v. GMAC Mortgage LLC*, 251 Or. App. 278 (2012), Plaintiffs also contend MERS is not the actual beneficiary of the Deed of Trust and did not have the power to assign the mortgage.

Without recounting the significant legal disputes among Oregon and federal trial courts over the meaning of § 86.375, the Court notes the Oregon Supreme Court has recently accepted this Court's certification of questions under § 86.375 concerning, *inter alia*, the role of MERS as a beneficiary in Oregon deeds of trust, the nature of transfers of the beneficial interests in deeds of trust, and the recording requirements for any such transfers. Thus, notwithstanding the *Niday* decision, there remains a significant question as to whether MERS could assign Plaintiffs' Deed of Trust and whether the numerous assignments Plaintiffs have alleged were required to be recorded before Defendants could resort to nonjudicial foreclosure.

Moreover, it is not yet clear whether all of the assignments of Plaintiffs' mortgage have, in fact, been recorded. In light of the legal footing of this matter, Plaintiffs have demonstrated a sufficient likelihood of success on the merits.

Plaintiff also has established they will likely experience irreparable harm (*i.e.,* the loss of their home) if the scheduled foreclosure proceeds unabated, and that hardship outweighs any short delay suffered by Defendants in executing a sale. The Court, therefore, concludes the balance of hardships tips sharply in Plaintiffs' favor at this time, and there are at the least legitimate questions raised on this record as to the merits of Plaintiffs' claim.

Accordingly, the Court **GRANTS** Plaintiffs' Motion for a Temporary Restraining Order and hereby **RESTRAINS** Defendants from proceeding with the August 14, 2012, foreclosure sale of Plaintiffs' property at 820 and 822 N.W. 8th Street, Grants Pass, Oregon.

## II. Notice under Federal Rule of Civil Procedure 65

Federal Rule of Civil Procedure 65(b) provides in pertinent part:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or

6 - TEMPORARY RESTRAINING ORDER

> damage will result to the movant before the
> adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in
> writing any efforts made to give notice and
> the reasons why it should not be required.

Here the Court issues the order temporarily restraining Defendants from proceeding with the proposed foreclosure sale of Plaintiffs' property without notice to Defendants because there is insufficient time before the scheduled foreclosure sale to compel Defendants to appear and to respond to the Motion. The Court concludes the risk of irreparable harm to Plaintiffs is significant when weighed against the temporary delay authorized by this Order.

### III. Security

Pursuant to Rule 65(c), the Court requires Plaintiffs to post a $750 bond with the Clerk of Court by 12:00 p.m., August 20, 2012, as a reasonable security for any costs or damages sustained by any party found to have been wrongfully restrained.

### CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion (#3) for a Temporary Restraining Order and hereby **RESTRAINS** Defendants from proceeding with the August 14, 2012, foreclosure sale of Plaintiffs' property. The Court **DIRECTS** Plaintiffs to post a

$750 bond with the Clerk of Court by **12:00 p.m., August 20, 2012.**

    IT IS SO ORDERED.

    DATED this 10th day of August, 2012.


This order is issued on August 10, 2012, at 4:00 p.m., and expires on August 20, 2012, at 1:30 p.m., unless extended by order of the Court.


                                      /s/ Anna J. Brown
                              ANNA J. BROWN
                              United States District Judge

8 - TEMPORARY RESTRAINING ORDER